UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CASEY M. FISHER,

        Petitioner,

        v.                              Case No. 20-C-1031

CATHY A. JESS,

        Respondent.

## SCREENING ORDER

On July 8, 2020, Petitioner Casey M. Fisher, who is currently incarcerated at Oshkosh Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Milwaukee County Circuit Court on June 2, 1994 of one count of first-degree intentional homicide while armed and one count of armed robbery and was sentenced to life imprisonment with a parole eligibility date of January 1, 2045. On February 2, 2017, Petitioner filed a motion pursuant to Wis. Stat. § 974.06, arguing that he is entitled to a new trial because trial counsel failed to present evidence of a lead police investigated on the night of the shooting that was revealed in a police report. The Wisconsin Court of Appeals affirmed the postconviction court's denial of Petitioner's motion for postconviction relief on March 26, 2019, and the Wisconsin Supreme Court denied Petitioner's petition for review.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed,

> the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state court remedies. Petitioner asserts that trial counsel was ineffective for failing to present compelling evidence of a third-party perpetrator. From the face of the petition, the court cannot conclude whether the claim is barred by the one-year limitation period for federal relief from state court convictions, 28 U.S.C. § 2244(d), or whether it otherwise lacks merit. Therefore, Petitioner will be allowed to proceed on this claim.

**IT THEREFORE IS ORDERED** that the Clerk shall serve a copy of Petitioner's § 2254 Petition and this order upon Respondent in accordance with Rule 4 of the Rules Governing § 2254 Cases.

**IT IS FURTHER ORDERED** that within 60 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT FURTHER IS ORDERED** that, unless respondent files a dispositive motion in lieu of an answer, respondent shall have 30 days following the filing of the answer to file a response to the brief Petitioner filed in support of his application for relief, and Petitioner will have 15 days thereafter to file his reply.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to

file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Dated at Green Bay, Wisconsin this 20th day of July, 2020.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge