UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CASEY M. FISHER,

        Petitioner,

        v.                               Case No. 20-C-1031

SARAH COOPER,

        Respondent.

## DECISION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

Petitioner Casey M. Fisher, who is currently incarcerated at Oshkosh Correctional Institution, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Milwaukee County Circuit Court, twenty-six years ago, on June 2, 1994, of one count of first-degree intentional homicide while armed and one count of armed robbery and was sentenced to life imprisonment with a parole eligibility date of January 1, 2045. On February 2, 2017, Petitioner filed a motion pursuant to Wis. Stat. § 974.06, arguing that he is entitled to a new trial because trial counsel failed to present evidence of a lead police investigated on the night of the shooting that was revealed in a police report. The Wisconsin Court of Appeals affirmed the postconviction court's denial of Petitioner's motion for postconviction relief on March 26, 2019, and the Wisconsin Supreme Court denied Petitioner's petition for review. Petitioner filed this petition for writ of habeas corpus on July 8, 2020, asserting that trial counsel was ineffective for failing to present compelling evidence of a third-party perpetrator. This matter comes before the court on Respondent's motion to dismiss on grounds that the petition is barred as a second or successive petition, that it is untimely, and that the claim is barred by procedural default. For the following reasons, the motion will be granted and the case dismissed.

Respondent asserts that the court should dismiss the petition as an unauthorized second or successive petition. Petitioner filed his first § 2254 petition for federal relief from his 1994 conviction on July 8, 1998. The instant petition is a second or successive petition because it challenges the same conviction Petitioner challenged in his first petition. Petitioner cannot file a second or successive petition without certification from the Seventh Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Although Petitioner asserts that the court should not find that his petition is a second or successive petition because he did not discover the evidence relevant to his new claim until many years after he filed his first petition, that argument should be made to the Seventh Circuit in accordance with 28 U.S.C. § 2244(b)(2). Petitioner has not obtained an order from the court of appeals permitting him to proceed on his ineffective assistance of counsel claim in a second or successive petition. Therefore, this case must be dismissed for lack of jurisdiction. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court *must* dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing.").

For these reasons, Respondent's motion to dismiss (Dkt. No. 8) is **GRANTED**. This case is dismissed for lack of jurisdiction. A certificate of appealability will be **DENIED**, as the court concludes that its decision is neither incorrect nor debatable among jurists of reason. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk is directed to enter judgment accordingly. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App.

P. 3, 4.  In the event Petitioner decides to appeal, he should also request that the court of appeals issue a certificate of appealability.  Fed. R. App. P. 22(b).

**SO ORDERED** at Green Bay, Wisconsin this 15th day of December, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
